# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRENT EDWARD MARTIN, ) <br> AIS # Z746, ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JARED BURKETT, *Dr.*, ) <br>    Defendant. ) | CIVIL ACTION NO. 1:22-00176-KD-N |

## **REPORT AND RECOMMENDATION**

In May 2021, the Plaintiff, Brent Edward Martin, an Alabama prisoner proceeding without counsel (*pro se*), brought a civil action against corrections officer Zachary Hard, S.D. Ala. Case No. 1:21-cv-00230-KD-N ("the Hard case"). Martin later filed an amendment to his complaint in the Hard case attempting to add claims against two other prison officials, Lt. McMillian and Dr. Jared Burkett. (*See* 1:21-cv-00230, Doc. 23). On recommendation of the undersigned Magistrate Judge, the Court disallowed the amendment in the Hard case, but also ordered that the amendment be docketed as the opening pleading in two new civil actions, one with Lt. McMillian as the named defendant and the other with Dr. Burkett as the named defendant. (*See* Docs. 2, 3; 1:21-cv-00230, Docs. 27, 32). That resulted in the opening of *Martin v. McMillian*, S.D. Ala. Case No. 1:22-cv-00175-KD-N ("the McMillian case") and this civil action.

After the Clerk of Court opened this action and the McMillian case, Martin was ordered in each to file an amended complaint on this Court's proper form, *see* S.D. Ala. CivLR 9(c), and to either pay the requisite filing fee, *see* 28 U.S.C. § 1914(a),

or file a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (*See* Doc. 5; 1:22-cv-00175, Doc. 5). Martin timely filed an amended complaint and paid the filing fee as ordered in the McMillian case (*see* 1:22-cv-00175, Docs. 7, 9), but did neither in this action by the original June 24, 2022 deadline. On November 28, 2022, the undersigned gave Martin another opportunity to comply, by December 23, 2022. (*See* Doc. 6). In response, Martin submitted a handwritten letter dated December 27, 2022, stating that he received the November 28 order in this case and that he "do[es] not want to proceed with th[is] Action … due to the complexities and the Info [he is] being ordered to provide to execute this Action." (Doc. 7, PageID.31).[1]

The sole defendant in this action, Dr. Burkett, has not yet been served, nor has he filed anything since this action was commenced. Subject to inapplicable exceptions, Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to "dismiss an action without a court order by filing …. a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…" Fed. R. Civ. P. 41(a)(1)(A)(i). That rule "grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required." *Matthews v. Gaither*, 902 F.2d 877, 880 (11th

---

[1] The assigned District Judge has referred Martin's December 27 letter to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (electronic reference notation entered 1/3/2023).

Cir. 1990) (per curiam) (citations omitted). Such a notice need not be expressly labeled as such in order to be self-effectuating, so long as the plaintiff's desire to dismiss the action is reasonably apparent, and no answer or motion for summary judgment has been served. *Cf. id.* ("The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence.").

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856–57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants,* 781 F.2d at 857.

*Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (per curiam).

To the extent Martin's December 27 letter (Doc. 7) does not constitute a self-effectuating Rule 41(a)(1)(A)(i) notice of dismissal, the undersigned recommends that this action be dismissed *sua sponte* without prejudice under Rule 41(a)(2), with costs taxed as paid. *See Pontenberg*, 252 F.3d at 1256 n.1 (when a Rule 41(a)(1) notice is defective, "a district court need not await a motion from a plaintiff to permit voluntary dismissal and may act sua sponte to dismiss under Rule 41(a)(2)"). Given

that Martin has continued litigating the Hard and McMillian cases, while expressly stating he no longer wishes to continue with this case, a desire to voluntarily dismiss this action is readily apparent from the record. Moreover, the undersigned can discern no "clear legal prejudice" to the defendant, *"other then the mere prospect of a subsequent lawsuit,"* by allowing dismissal of this action without prejudice, particularly given that this action has not proceeded beyond the filing of a complaint, and that the lone defendant has not yet been served or appeared.

Accordingly, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a), the undersigned **RECOMMENDS** that this civil action, to the extent it has not already been dismissed under Federal Rule of Civil Procedure 41(a)(1)(A)(i), be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(a)(2), with costs taxed as paid.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the

time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the **11th** day of **January 2023**.

                                             */s/ Katherine P. Nelson*
                                             **KATHERINE P. NELSON**
                                             **UNITED STATES MAGISTRATE JUDGE**